IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| William Roy Cox,<br><br>    PETITIONER<br><br>v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:08-cr-00878-TLW-1<br>C/A No. 4:16-cv-02229-TLW<br><br>**Order** |

Petitioner William Roy Cox pled guilty to a charge of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). After granting the Government's motion for a downward departure pursuant to USSG § 5K1.1, the Court sentenced him as a career offender to 144 months incarceration. ECF Nos. 65, 74. In his § 2255 petition, he argues that, in light of the Supreme Court's decisions in *Descamps v. United States*, 570 U.S. 254 (2013) and *Johnson v. United States*, 135 S. Ct. 2551 (2015), he is no longer a career offender because the instant offense—Hobbs Act robbery—is not a crime of violence for career offender purposes.[1] ECF No. 98 at 1. He makes two primary arguments in support of his position: (1) that Hobbs Act robbery is not a crime of violence under the force clause of U.S.S.G. § 4B1.2(a)(1); and (2) that *Johnson*, which invalidated the Armed Career Criminal Act's residual clause as unconstitutionally vague, also applies to invalidate the residual clause in the

---

[1] He only challenges the instant offense, not his predicate convictions.

1

guideline defining a crime of violence, formerly found at § 4B1.2(a)(2).[2]

The Supreme Court has now foreclosed Petitioner's argument about the residual clause, having held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, 137 S. Ct. 886, 895 (2017).

While that is alone sufficient to deny this petition, the Court also notes that even if Petitioner is correct that Hobbs Act robbery is not a crime of violence under the force clause, the Fourth Circuit has foreclosed any possibility of relief for him, having concluding that an erroneous application of the Sentencing Guidelines, including a career offender designation, is not cognizable on collateral review pursuant to § 2255. *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015).

Because the Guidelines are not subject to a vagueness challenge and because an erroneous Guidelines calculation is not cognizable under § 2255, Petitioner's petition for relief pursuant to § 2255, ECF No. 97, is **DENIED**. This action is hereby **DISMISSED**.[3]

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C.

---

[2] After the *Johnson* decision, the guideline defining a crime of violence was revised and the residual clause was deleted. *See* U.S. Sentencing Guidelines Manual § 4B1.2(a)(2) (U.S. Sentencing Comm'n 2016).

[3] A response from the Government is not required because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief . . . ." 28 U.S.C. § 2255(b).

2

§ 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

  **IT IS SO ORDERED**.

               *s/ Terry L. Wooten*
               Terry L. Wooten
               Senior United States District Judge

April 25, 2019
Columbia, South Carolina